HEPLER v DEPARTMENT OF LABOR

1. Labor Relations—Public Employees—Representation Question—Employment Relations Commission—Statutes.

The Michigan Employment Relations Commission has a statutory duty to investigate a petition filed by one or more public employees and to determine whether there is reasonable cause to believe a representation question exists where the petition is in conformity with any operative regulation of the commission and alleges that 30% or more of the bargaining unit assert that the current certified representative is no longer their representative (MCLA 423.212).

2. Labor Relations—Public Employees—Employment Relations Commission—Decertification Petition—Evidence—Showing of Interest.

A standard petition alleging 30% or more of a public employees' bargaining unit assert that a certified representative is no longer their representative is not sufficient per se to justify further Michigan Employment Relations Commission action toward a decertification election; a decertification petition must be accompanied by supporting evidence in the nature of a showing of interest (1968 AACS, R 423.443[1]).

3. Labor Relations—Public Employees—Decertification Petition—Showing of Interest.

A showing of interest document supporting a decertification petition by public employees need not contain the precise language that must be alleged in the petition; however, the showing of interest document must sufficiently administratively indicate that the signatories no longer desire to be represented by the current collective bargaining agent.

4. Appeal and Error—Labor Relations—Employment Relations Commission—Constitutional Law.

The Court of Appeals' judicial review of a decision of the Michi-

References for Points in Headnotes

[1–3, 5, 6, 8] 48 Am Jur 2d, Labor and Labor Relations §§ 443–445, 491, 1191 et seq.

[4, 7, 8] 48 Am Jur 2d, Labor and Labor Relations §§ 1171, 1186–1190.

gan Employment Relations Commission, on the purely adminis-
trative question of holding an employee election, is a limited
review; however, disposal of a question in a quasi-judicial
fashion by the Michigan Employment Relations Commission
invokes the minimal judicial review requirements as provided
in the Constitution (Const 1963, art 6, § 828).

5. LABOR RELATIONS—APPEAL AND ERROR—EMPLOYMENT RELATIONS
   COMMISSION—PUBLIC EMPLOYEES—DECERTIFICATION—DUE PROC-
   ESS.

   Dismissal by the Michigan Employment Relations Commission of
   a decertification petition concerns the employee's exercise of
   free choice and therefore mandates some judicial review to
   guard against arbitrary and capricious dismissals, which consti-
   tute a deprivation of due process.

6. LABOR RELATIONS—EMPLOYMENT RELATIONS COMMISSION—ADMINIS-
   TRATIVE ACTION—PUBLIC EMPLOYEES—DECERTIFICATION ELEC-
   TION—SHOWING OF INTEREST.

   The determination with respect to a statutory 30% showing of
   interest in a decertification election is an administrative action
   to be made exclusively by the Michigan Employment Relations
   Commission or by its agent.

7. APPEAL AND ERROR—LABOR RELATIONS—EMPLOYMENT RELATIONS
   COMMISSION—EMPLOYEE ELECTION.

   The Court of Appeals will not set aside a discretionary decision of
   the Michigan Employment Relations Commission to deny a
   decertification election absent a showing that the decision is so
   perverse or palpably wrong as to effectively amount to a breach
   of the commission's statutory duty.

8. LABOR RELATIONS—EMPLOYMENT RELATIONS COMMISSION—APPEAL
   AND ERROR—PUBLIC EMPLOYEES—DECERTIFICATION ELECTION—
   SHOWING OF INTEREST DOCUMENTS.

   A determination by the Michigan Employment Relations Com-
   mission that public employees' showing of interest documents
   must contain language indicating in positive terms that 30% or
   more of the particular bargaining unit no longer considers the
   existing certified bargaining representative as their representa-
   tive, rather than indicating a mere request by 30% of the unit
   for an election, is not a clear error as to require reversal.

Appeal from Employment Relations Commis-
sion. Submitted May 14, 1975, at Grand Rapids.

(Docket Nos. 22676, 22699.) Decided August 28, 1975. Leave to appeal denied, 395 Mich 809.

Petition by John C. Hepler and Paul S. Spece, plaintiffs, requesting an election to decertify the bargaining unit representative for Central Michigan University faculty members. Central Michigan University and Central Michigan University Faculty Association intervened. Petition dismissed by the Employment Relations Commission. Plaintiffs and the university appeal. Affirmed.

*Murray & Mroz,* for plaintiffs.

*J. David Kerr,* for Central Michigan University.

*Foster, Lindemer, Swift & Collins, P. C.* (by *Clifford D. Weiler),* for Central Michigan University Faculty Association.

Before: D. E. HOLBROOK, P. J., and ALLEN and D. E. HOLBROOK, JR., JJ.

ALLEN, J. On September 5, 1974 Mssrs. Hepler and Spece, Central Michigan University faculty members, [hereinafter appellants] filed a petition with the Michigan Employment Relation Commission [MERC] alleging that 30 percent or more of the bargaining unit members assert that the current certified bargaining unit representative—Central Michigan University Faculty Association (CMUFA)—is no longer their representative, and requested a decertification election. The petition was supported by showing of interest documents[1]

---

[1] The terms "showing of interest", as they relate to decertification petitions in labor questions mean written evidence to support the allegation of a petition, signed by 30 percent or more of the bargaining unit members.

signed by more than 30 percent of the bargaining unit members.

As provided in § 12 of the public employment relations act [PERA] 1965 PA 379,[2] the director of MERC investigated the petition and supporting documents, and administratively dismissed the appellants' petition on October 9, 1974. Appellants successfully sought review by MERC of the dismissal and counsel for Central Michigan University (CMU) and CMUFA made appearances. In an opinion dated December 16, 1974,[3] MERC unani-

---

[2] MCLA 423.212; MSA 17.455(12).

[3] A significant portion of the MERC opinion is set out here for the convenience of the reader:

"In the instant case the showing of interest documents submitted contained a number of signatures subscribed to the following language:

'I am in favor of having an election to determine whether or not Central Michigan University Faculty Association should be my collective bargaining agent.'

After a complete review of the pertinent law and precedents we hereby affirm the determination made by the Director. We find that the showing of interest documents do not contain the affirmative allegations required within Section 12(a) of PERA, but merely request an election to be conducted. A showing of interest that merely requests an election is not in compliance with the statute. *Detroit Board of Education,* 1966 MERC Lab Op 393.

"In this case the petition submitted does not indicate in any manner that the Central Michigan University Faculty Association is no longer the representative. The language used merely asserts that the signatories are in favor (or find no fault) with the opportunity of having an election.[2]

[2] *See NLRB v Gissel Packing Co,* 395 US 575 [89 S Ct 1918; 23 L Ed 2d 547] 71 LRRM 2481 (1969); *NLRB v Swan Super Cleaners, Inc,* 384 F2d 609, 66 LRRM 2391 (CA 6, 1967); *Dayco Corp v NLRB,* 382 F2d 577; 65 LRRM 3092 (CA 6, 1967).

Here, at most, the language indicates that the signatories were interested in an election and not that anyone was interested in decertifying or electing a new collective bargaining agent. Pursuant to Section 12(a) of the Act, a decertification petitioner must establish a showing of interest that the current collective bargaining agent 'is no longer a representative as defined in Section 11.'

"We find no merit in the Decertification Petitioner's contention that the 'intention' of the signatories was abundantly clear. While it would not effectuate the policies of the Act to require that the strict statutory language of Section 12(a) be complied with, there must be an affirmative indication in the decertification petition or card that

mously affirmed the director's dismissal, and appellants commenced this appeal. This Court consolidated the independent appeal of CMU with appellants' case, and on May 7, 1975, we denied CMU-FA's motion to dismiss CMU as a nonaggrieved party.

We have condensed the sundry arguments[4] raised by the litigants into three basic issues, resolution of which, we believe, is dispositive of the instant case. Does § 12 of PERA require MERC to dismiss a decertification petition where the showing of interest documents fail to assert that the certified bargaining unit representative "is no longer a representative as defined in section 11"?[5] If not, did MERC erroneously construe § 12 as mandating such a requirement? Finally, did MERC clearly err in affirming the administrative dismissal of appellants' petition for lack of a proper showing of interest?

Section 12 of PERA provides in pertinent part:

"Whenever a petition shall have been filed, in accordance with such regulations as may be prescribed by the board:
(a) By a public employee or group of public employees * * * alleging that 30% or more of the public em-

the individual no longer desires to be represented by the current collective bargaining agent."

[4] CMU's contention that the Administrative Procedures Act, MCLA 24.201; MSA 3.560(101), *et seq.*, requires MERC to hold a hearing before dismissing a decertification petition is meritless. The action taken does not involve a contested case within the meaning of the APA. *Kelly Downs, Inc v Racing Commission,* 60 Mich App 539; 231 NW2d 443 (1975).

In light of our decision in this case, the request for stay of proceedings in district court on a matter involving collection of agency shop representation fees by CMUFA is moot.

[5] Section 11 provides that a representative designated or selected by a unit majority "shall be the exclusive representatives of all the public employees in such unit for the purposes of collective bargaining."

ployees within a unit claimed to be appropriate for such purpose * * * assert that the individual or labor organization, which has been certified * * * as the bargaining representative, is no longer a representative as defined in section 11; * * * .

(b) * * * the board shall investigate the petition and, if it has reasonable cause to believe that a question of representation exists, shall provide an appropriate hearing after due notice."

Where one or more public employees file a petition in conformity with any operative MERC regulation, and allege that 30 percent or more of the bargaining unit assert that the current certified representative is no longer their representative, MERC, or its agent, has the statutory duty to investigate the petition, and to make the determination whether *vel non* it has reasonable cause to believe a representation question exists. As authorized by § 12, MERC has established via regulation that a standard petition alleging 30 percent or more of the unit assert that a certified representative is no longer their representative is not sufficient per se to justify further MERC action toward an election. To aid in screening nonmeritorious claims that a representation question exists, MERC has promulgated rule 43.1 which provides that a decertification petition must be accompanied by supporting evidence in the nature of a showing of interest:

"A * * * decertification petition shall be supported by a showing of interest existing at the time of the filing of the petition of 30% of the employees in the unit claimed to be appropriate." 1968 AACS, R 423.443(1).

It is evident that in order to justify a MERC investigation to determine whether reasonable cause to believe a representation question exists,

neither § 12 nor rule 43.1 require that the showing of interest document contain the precise language that must be alleged in the decertification petition, to wit, 30 percent or more of the employees in the unit no longer consider the certified bargaining unit representative as their representative.

The question thus becomes whether MERC read such a requirement into the statute and rule, and dismissed appellants' petition because the showing of interest documents failed to incorporate language identical to the allegation of assertion in the petition.

Our review of the record shows that appellants checked off the appropriate box in the boilerplate petition containing the allegation that "30% or more of employees in the unit assert that the certified * * * bargaining representative is no longer their representative". To support the allegation, appellants submitted showing of interest documents signed by more than 30 percent of the employees within the unit. The language utilized in the documents reads as follows:

"I am in favor of having an election to determine whether or not Central Michigan University Faculty Association should be my collective bargaining agent."

In a letter opinion dated October 9, 1974, the director of MERC administratively dismissed the petition of appellants on the following grounds:

"The showing of interest documents, to which the signatures are attached merely request an election but do not assert, as required by Section 12(a), that the incumbent labor organization 'is no longer a representative as defined in Section 11.' The Commission in *Board of Education of the School District of the City of Detroit*, 1966 [MERC] Lab Op 393, held that a showing of interest which merely requests an election is not a

compliance with the statutory mandate of Section 12(a)."

When the case came up for review, MERC realized that the director's construction of § 12 was at best misleading. Although it affirmed the dismissal, MERC conceded that a showing of interest document need not incorporate the exact phraseology of the allegation provided in § 12 and contained in the petition:

"While it would not effectuate the policies of the Act to require that the strict statutory language of Section 12(a) be complied with, there must be an affirmative indication in the decertification petition or card that the individual no longer desired to be represented by the current collective bargaining agent."[6]

We are convinced that any initial misconstruction of § 12 by the director was corrected by MERC, and that MERC based its affirmance of the administrative dismissal, not on the grounds that appellants failed to use the precise statutory language, but for the reason that the showing of interest documents failed to sufficiently administratively indicate the signatories no longer desired to be represented by the current collective bargaining agent.

The remaining question is whether MERC clearly erred in affirming the director's dismissal of the decertification petition owing to the lack of a proper showing of interest. We note at the outset that our judicial review is quite limited since it is not the function of the courts to second-guess the designated agency for labor matters on the purely administrative question of holding an employee

---

[6] MERC uses the terms petition and showing of interest documents interchangeably in its opinion.

election.[7] In the instant case, however, MERC has disposed of the question in quasi-judicial fashion, thereby invoking the minimal judicial review requirements as provided in Const 1963, art 6, § 28.[8] Moreover, it is this Court's opinion that the dismissal of a decertification petition—as opposed to the grant thereof—raises serious implications concerning employee exercise of free choice, and therefore mandates some judicial review to guard against arbitrary and capricious dismissals, which constitute a deprivation of due process.

Appellants and CMU would have the Court substitute its judgment for MERC's, find the showing of interest was proper, and conclude that there is reasonable cause to believe that a decertification question exists. We decline the invitation. It is not our function, nor do we possess the special prowess demanded, to act as a super-labor board. Section 12 provides that a petition for decertification must comply with subsection (a), and any relevant MERC rules, in order to trigger the exercise of MERC's duty under subsection (b) to determine whether there is reasonable cause to believe that a

[7] See *Intertype Co, v NLRB,* 401 F2d 41 (CA 4, 1968). *Also see,* 48 Am Jur 2d, Labor and Labor Relations, § 444, p 324:

"In order to determine whether the circumstances justify holding an election, the NLRB's rules require the petitioner to supply evidence in support of his petition. This requirement, sometimes called a showing of interest, is purely an administrative determination not subject to challenge by any of the parties."

[8] Although MERC stated in its opinion below that the director's determination "was purely administrative in nature requiring no further review", MERC nevertheless permitted the parties to file legal briefs and issued its opinion and order. Article 6, § 28 of the 1963 Constitution provides that: "All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law * * * ." *See* MCLA 423.23(e); MSA 17.454(25)(e).

decertification election exists. In substance, MERC held that there had been noncompliance with subsection (a) and accordingly it did not proceed to subsection (b). As noted earlier, MERC rule 43.1 requires that the petition be supported by a showing of interest of 30 percent or more of the bargaining unit. Further, MERC has provided by rule 43.2 that "The determination with respect to the statutory 30% * * * showing of interest is an administrative action and shall be made exclusively by the board or its agent." 1968 AACS R 423.443.2. This rule makes express what is implicit in § 12, and we believe it our duty to respect the solemn expression of legislative will.

Absent a showing that MERC's discretionary decision is so perverse or palpably wrong as to effectively amount to a breach of its statutory duty, the Court will not set MERC's determination aside. In the instant case, MERC determined that the showing of interest documents must contain language indicating in *positive terms* that 30 percent or more of the particular bargaining unit no longer considers the existing certified bargaining representative as their representative.[9] MERC found the effect of the appellants' showing of interest as required in subsection (a) was tantamount to a request for an election—the terms were neutral, and nothing more. We cannot say that this determination constitutes so clear a showing of error as to require reversal.

Affirmed.

---

[9] The Court strongly urges MERC to provide examples, by rule or otherwise, of showing of interest documents which contain language sufficient to justify the exercise of MERC's duty to determine whether there is reasonable cause to believe that a question of representation exists. Had such rule or examples been extant, the present appeal and its expense to the litigants would have been unnecessary.