SMITH v LANSING SCHOOL DISTRICT

Docket No. 82897. Submitted October 16, 1985, at Lansing.—Decided
November 12, 1985. Leave to appeal granted, 425 Mich 871.

Appellants, Catherine G. Smith and others, who are teachers in
the Lansing School District, filed a charge against respondents,
Lansing School District and Lansing Schools Education Associa-
tion (union), with the Michigan Employment Relations Commis-
sion (MERC). Appellants alleged that respondents wrongfully
deleted a grandfather clause in their collective bargaining
agreement which had exempted appellants from paying dues or
an equivalent service fee to the union. Additionally, appellants
charged that the collective bargaining agreement was sched-
uled for a ratification vote by the union membership on the
same day that their charges were filed, thereby denying appel-
lants an opportunity to participate. MERC issued a complaint
against respondents. Respondents filed a motion to dismiss for
appellants' failure to state a claim upon which relief could be
granted. A hearing officer subsequently issued to appellants an
order to show cause in writing why the charge should not be
dismissed. After appellants did not respond to the show cause
order, an order recommending that MERC dismiss the charge
was issued. Appellants thereafter filed an exception to the
hearing officer's decision and order and filed an amended
complaint. Appellants requested that MERC remand the charge
to the hearing officer for a determination in light of their
amended complaint. Respondents filed a response and brief.
MERC granted appellants' request to amend the charge,
treated all the pleadings as a response to the hearing officer's

REFERENCES

Am Jur 2d, Administrative Law §§ 201-208, 572, 585.

Am Jur 2d, Labor and Labor Relations §§ 1469-1479, 1764-1775.

Am Jur 2d, Pleading §§ 230 et seq.

What constitutes unfair labor practice under state public employee
relations acts. 9 ALR4th 20.

Request or demand for, or refusal of, transcription or recording of
bargaining sessions or grievance negotiation as unfair labor prac-
tice. 24 ALR3d 706.

See also the annotations in the ALR3d/4th Quick Index under
Administrative Law.

show cause order, and dismissed the charge. Appellants appealed as of right to the Court of Appeals. *Held:*

1. MERC is an agency governed by the public employment relations act which, in part, requires that MERC, when addressing charges of unfair labor practices, conduct all proceedings as a contested case pursuant to the Administrative Procedures Act (APA). The APA provides, in part, that parties in a contested hearing shall be given an opportunity for a hearing without undue delay and an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact. In this case, appellants were clearly denied those opportunities.

2. Other provisions of the APA indicate that a contested case may not be decided until after a hearing is conducted even where a party defaults by not appearing.

3. Administrative rules of MERC indicate that the parties have a right to a hearing on a petition or complaint and attached charge.

Reversed and remanded.

1. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — PUBLIC EMPLOYMENT RELATIONS ACT — ADMINISTRATIVE PROCEDURES ACT.

   The Michigan Employment Relations Commission (MERC) is an agency governed by the public employment relations act which, in part, requires that MERC, when addressing charges of unfair labor practices, conduct all proceedings as a contested case pursuant to the Administrative Procedures Act (APA); the APA provides, in part, that parties in a contested matter shall be given an opportunity for a hearing without undue delay and an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact (MCL 24.271, 24.272, 423.421 *et seq.;* MSA 3.560[171], 3.560[172], 17.455[1] *et seq.).*

2. ADMINISTRATIVE LAW — CONTESTED CASES — SUMMARY JUDGMENT.

   Administrative hearings are generally less formal than judicial proceedings; failure to adequately plead each element of a cause of action should not be grounds for dismissal; in administrative proceedings, the facts are often not fully developed until the hearing; therefore, summary judgment is not suited to administrative proceedings.

*Brussow & Krause, P.C.* (by *Richard C. Krause),* for the charging parties.

*Foster, Swift, Collins & Coey, P.C.* (by *Thomas A. Baird*), for respondents.

Before: V. J. BRENNAN, P.J., and BEASLEY and J. P. NOECKER,* JJ.

PER CURIAM. Appellants, Catherine G. Smith and others who are teachers in the Lansing School District, appeal as of right from a January 14, 1985, order of the Michigan Employment Relations Commission (MERC), summarily dismissing their charge against respondents, Lansing School District and Lansing Schools Education Association.

On March 14, 1984, appellants filed the within charge with MERC, alleging that in the most recent collective bargaining agreement respondent school district and respondent union had deleted a grandfather clause which had exempted a particular class of teachers, including appellants, from paying dues or an equivalent service fee to the union. Appellants alleged that the grandfather clause had been in all collective bargaining agreements since 1972, and that they had relied upon a "continued continuity of successor agreements". Appellants also complained that the tentative agreement was scheduled for a vote by the union membership on the same day that the charge was filed, and that appellants were not afforded an opportunity to participate.

On March 21, 1984, MERC issued a complaint against respondents and notified them of a hearing to be held on May 10, 1984. On April 2, 1984, respondents filed a motion to dismiss for failure to state a claim upon which relief could be granted, which motion was accompanied by a supporting brief. Respondents argued that agency shop agreements are valid; that grandfather clauses are

---

* Circuit judge, sitting on the Court of Appeals by assignment.

merely contractual provisions which are negoti-
ated and are subject to change on a periodic basis;
and that the fact that the charging parties (appel-
lants) were formerly "grandfathered" out of the
agency shop provision was irrelevant. The parties'
new collective bargaining agreement contains a
provision allowing nonunion members to pay ser-
vice fees in lieu of dues.

On April 3, 1984, the hearing officer issued an
order to show cause, ordering appellants to show
cause in writing why said charges should not be
dismissed as requested. The order was issued
"since it appears that for the reasons stated in
said motion the charge should be dismissed". Ap-
pellants were given until April 24, 1984, to file a
written response. The previously scheduled hear-
ing was adjourned without date. All parties agree
that appellants were subsequently given at least a
20-day extension to respond, which passed without
any response by appellants.

On June 8, 1984, the hearing officer issued an
order recommending that MERC dismiss the
charges because appellants had failed to comply
with the order to show cause and because "the
charges on their face do not allege facts which
would constitute a violation of PERA [MCL
423.201 et seq.; MSA 17.455(1) et seq.]". On June
13, 1984, appellants filed "Charging Parties' Imme-
diate Exception to Decision and Recommended
Order", which also included an amended com-
plaint and a section entitled "Proposed Findings of
Fact and Conclusions of Law". In the exception,
appellants alleged that the hearing officer had
granted "an additional unspecified period of time
beyond the initial 20 day extension" and had
assured them that the case would be held in
abeyance and no hearing held until their brief was
filed. Appellants attached the affidavit of the secre-

tary, who had arranged the second extension. Appellants requested that MERC remand the charge to the hearing officer for "a determination upon the merits" in light of their amended complaint.

On July 9, 1984, respondent filed a "Response in Opposition to Charging Parties' Request to Amend Complaint", "Respondents' Reply in Opposition to Charging Parties' Exceptions", and "Respondents' Brief in Opposition to Charging Parties' Exceptions to Recommended Decision and Order". On January 14, 1985, MERC issued a decision and order granting appellants' request to amend the charges, treated all the pleadings as a response to the hearing officer's order to show cause, and construed all allegations in favor of the hearing officer's findings and dismissed the complaint.

On appeal, we find that MERC is not empowered to summarily dispose of complaints without granting an evidentiary hearing or permitting oral argument. It is clear that appellants were not afforded an evidentiary hearing or an opportunity for oral argument. MERC is an agency governed by the public employment relations act (PERA), MCL 423.421 *et seq.;* MSA 17.455(1) *et seq.,* § 16(a) of which requires that MERC, when addressing charges of unfair labor practices, conduct all proceedings as a "contested case" pursuant to chapter 4, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.,* of the Administrative Procedures Act (APA), MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

Section 71 of the APA provides:

"The parties in a contested hearing shall be given an opportunity for a hearing without undue delay."

Section 72(3) provides:

"The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact."

In the within case, it is clear that appellants were denied the opportunity to present oral argument and denied the opportunity to present evidence on issues of fact.

Other provisions of the APA also suggest that contested cases are not to be decided until after a hearing is conducted. In § 78(2), the Legislature listed the methods through which disposition of complaints could be achieved, but did not list summary judgment:

"Except as otherwise provided by law, disposition may be made of a contested case by stipulation, agreed settlement, consent order, waiver, default or other method agreed upon by the parties."

Section 72(1) provides that, if a party fails to appear after proper notice, the agency may proceed with the hearing in that party's absence. Thus, even where disposition through default is permisssible, a hearing is still required in such situations.

Section 85 provides:

"A Final decision or order of an agency in a contested case * * * shall include findings of fact and conclusions of law. Findings of fact shall be based exclusively on the evidence and on matters officially noticed."

As previously noted, § 78(2) lists the methods by which contested cases may be disposed of, but does not list summary judgment. However, § 78(2) is qualified by the phrase "except as otherwise provided by law". Chapter 3 of the APA provides that

agencies may process and publish rules. Pursuant to that authority, MERC has promulgated "General Rules and Regulations", Michigan Administrative Code of 1979, R 423.401 *et seq.,* vol 3, pp 4302-4315. Respondents argue that the hearing officer had power to summarily dispose of the instant complaint because R 423.462(2)(b) specifically provides that a hearing officer has the power to dispose of motions or similar matters. However, R 423.462(2) provides in full:

"(2) An administrative law judge or factfinder has power to:

"(a) Hold pre-trial conferences for settlement or clarification of the issues.

"(b) Dispose of procedural requests, motions, or similar matters.

"(c) Continue or adjourn a hearing to a later date.

"(d) Take or cause depositions to be taken when the ends of justice would be served thereby.

"(e) Grant applications for subpoenas, subpoena witnesses, administer oaths and affirmations, examine witnesses, receive relevant testimony and evidence, rule upon offers of proof, and introduce into the record documentary or other relevant evidence.

"(f) Regulate the course of a hearing and, if appropriate or necessary, exclude persons or counsel from the hearing for contemptuous conduct.

"(g) Order a hearing reopened prior to issuance of an administrative law judge's recommended order or factfinder's report.

"(h) Take official notice of generally recognized facts. Parties shall be notified either before or during the hearing of the material so noticed and they shall be afforded an opportunity to contest the facts so noticed.

"(i) Take any other action necessary and authorized by rules of the commission."

We do not construe the foregoing provisions to authorize disposition of a case by summary judg-

ment. Rather, the above-quoted rule appears to allow hearing officers only the right to grant *procedural* motions. We would doubt that under the APA, which awards hearings to parties as of right, MERC could promulgate a rule permitting summary disposition.

Even MERC's own rules tend to demonstrate that the parties have a right to a hearing. R 423.461(1) provides in pertinent part:

"A hearing for the purpose of taking evidence upon a petition or complaint and attached charge shall be conducted by the commission or administrative law judge designated by the commission."

R 423.462(1) summarizes a hearing officer's duties in a single sentence:

"An administrative law judge or factfinder shall inquire fully into the facts involved in the proceeding before him."

Fulfillment of this duty requires more than the acceptance of whatever facts happen to be set forth in the charge.

Administrative hearings are generally less formal than judicial proceedings. Failure to adequately plead each element of a cause of action should not be grounds for dismissal. In administrative proceedings, the facts are often not fully developed until the hearing. Therefore, summary judgment is not suited to administrative proceedings.

Respondents assert, and MERC appears to have held in essence, that even if a hearing is procedurally required appellants suffered no harm because, taking all their allegations to be true, appellants

still have no enforceable legal claim. Therefore, respondents reason that a remand to conduct a hearing would be a waste of time. We disagree. Appellants are entitled to a full hearing with an opportunity to develop their claims and to have them heard. Only then would a hearing officer (and MERC) have a basis to properly draw the conclusions reached here. Possibly a hearing officer or MERC will change their result when they have heard the full story. Consequently, we set aside the decision and order of MERC and remand this case for a hearing on the merits.

Reversed and remanded.