MICHIGAN ASSOCIATION OF PUBLIC EMPLOYEES v MICHIGAN
EMPLOYMENT RELATIONS COMMISSION

Docket No. 87884. Submitted May 13, 1986, at Detroit. Decided July
    22, 1986. Leave to appeal applied for.

    Defendant American Federation of State, County and Municipal
        Employees, Local 101 (AFSCME), an affiliate of Michigan
        AFSCME Council 25, represented firefighters at Metropolitan
        Airport employed by Wayne County in their collective bargain-
        ing agreement with the county which expired on June 30, 1984.
        On July 5, 1984, the county and AFSCME apparently agreed to a
        new master contract covering noneconomic issues for all county
        employees represented by AFSCME for the period of July 1, 1984,
        through June 30, 1986. Negotiations on economic matters
        occurred between the county and AFSCME firefighters from
        August, 1984, until October 31, 1984. On that date, AFSCME
        petitioned defendant Michigan Employment Relations Commis-
        sion (MERC) for compulsory arbitration pursuant to 1969 PA 312
        (Act 312). Because no mediation had occurred prior to the
        petition, as required by statute, MERC assigned a mediator, and
        between November 14, 1984, and January 17, 1985, six media-
        tion sessions were held, but no action was taken on AFSCME's
        arbitration petition. On March 6, 1985, plaintiff, Michigan
        Association of Public Employees (MAPE), filed a representation
        petition with MERC, seeking to decertify AFSCME as bargaining
        agent for the firefighters. On March 11, 1985, MERC's director
        issued an administrative denial of MAPE's representation peti-

REFERENCES

Am Jur 2d, Administrative Law §§ 1-14.
Am Jur 2d, Arbitration and Award §§ 9, 11.
Am Jur 2d, Labor and Labor Relations §§ 401, 620-627, 1838-1862.
Am Jur 2d, Municipal Corporations, Counties, and Other Political
    Subdivisions § 262.
Validity and construction of statutes or ordinances providing for
    arbitration of labor disputes involving public employees. 68
    ALR3d 885.
Municipal corporation's power to submit to arbitration. 20 ALR3d
    569.
See also the annotations in the ALR3d/4th Quick Index under
    Administrative Law.

tion on the basis of the pending Act 312 proceeding. MAPE protested and MERC placed the matter on the commission's agenda. Upon consideration, the commission refused to disturb the dismissal of MAPE's petition and ordered the commencement of the arbitration. When MAPE sought an order of superintending control in the Court of Appeals, the Court, by order dated August 1, 1985 (Docket No. 85287), granted immediate consideration, denied the complaint for superintending control and denied MAPE's motion for a stay of the arbitration proceedings. By order dated October 2, 1985, the Michigan Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 422 Mich 977 (1985). On November 8, 1985, the Court of Appeals denied plaintiff's motion for a stay of the arbitration proceedings. *Held:*

1. MERC did investigate MAPE's petition and determined that a representation question did not exist.

2. MERC's substantive decision is consistent with the legislative policy in an Act 312 proceeding to maintain the status quo during the pendency of proceedings before the arbitration panel. The decision was within the spirit of the policy as well as the legislative intent of the public employment relations act.

3. MERC's interpretation and extension of the rule, providing a 150 to 90-day period for filing representation petitions prior to the expiration date of the collective bargaining agreement, to bar election petitions after the expiration of a collective bargaining agreement, provided that an Act 312 arbitration proceeding is pending, was entirely logical and well-founded. Although AFSCME's arbitration petition preceded the actual commencement of the mediation process, MERC's rationale for denying MAPE's "eleventh hour" representation petition was based on sound policy that is designed to insulate the ongoing collective bargaining process.

4. MAPE can make no credible claim of prejudice or due process violation based on the administrative denial of its election petition. MERC's policy did not limit the right of the firefighters to select a bargaining representative or to decertify a representative contrary to the plain meaning of the public employment relations act, nor did it improperly condition MERC's duty to investigate petitions and to determine whether a representation question existed.

5. The facts indicate that the lack of mediation had been cured well before MAPE's decertification petition was filed.

6. MERC's decision was not so perverse or palpably wrong as to effectively amount to a breach of its statutory duty. MERC properly concluded that MAPE's petition was not sufficient to

create "a question of representation" within the terms of § 12 of the public employment relations act.

Affirmed.

1. LABOR RELATIONS — MUNICIPAL POLICE AND FIRE DEPARTMENTS — COMPULSORY ARBITRATION.

The status quo between the parties should be preserved during compulsory arbitration of labor disputes concerning municipal police and fire departments (MCL 423.243; MSA 17.455[43]).

2. LABOR RELATIONS — EMPLOYMENT RELATIONS COMMISSION — MUNICIPAL POLICE AND FIRE DEPARTMENTS — REPRESENTATION PETITIONS — COMPULSORY ARBITRATION.

The Michigan Employment Relations Commission's interpretation of a policy which excludes representation petitions not filed in the period from 150 to 90 days before the expiration of a collective bargaining agreement and extension of the policy to bar representation petitions after the expiration of a collective bargaining agreement, provided a 1969 PA 312 arbitration proceeding is pending, is logical, well-founded, and is designed to insulate the ongoing collective bargaining process by maintaining the status quo during the period of compulsory arbitration of labor disputes concerning municipal police and fire departments (1969 PA 312; MCL 423.243; MSA 17.455[43]).

3. APPEAL — EMPLOYMENT RELATIONS COMMISSION.

The Court of Appeals will not set aside a discretionary decision by the Michigan Employment Relations Commission absent a showing that the commission's decision is so perverse or palpably wrong as to effectively amount to a breach of its statutory duty.

4. ADMINISTRATIVE LAW — AGENCY RULES.

An administrative agency must be equipped to act either by general rule or by individual order as a matter of necessity and need not promulgate rules covering every conceivable situation before the fact.

*Hiller, Larky & Hoekenga* (by *Daniel J. Hoekenga* and *Dirk F. Zuschlag*), for MAPE.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jon M. DeHorn,* Assistant Attorney General, for MERC.

*Greenspon, Scheff & Washington, P.C.* (by *Donald B. Greenspon*), for AFSCME, Local 101.

Before: HOOD, P.J., and WAHLS and P. C. EL-LIOTT,* JJ.

PER CURIAM. Plaintiff, Michigan Association of Public Employees (MAPE), was denied its complaint for superintending control and motion for a stay of arbitration proceedings "for lack of merit in the grounds presented" by this Court's order dated August 1, 1985 (Docket No. 85287). However, by order dated October 2, 1985, our Supreme Court remanded the case to this Court for consideration "as on leave granted." 422 Mich 977 (1985). On November 8, 1985, this Court denied plaintiff's motion for a stay of the arbitration proceedings. This Court must now decide whether the director of the Michigan Employment Relations Commission (MERC) was empowered to administratively dismiss and, if so, did properly dismiss plaintiff's representation petition under the circumstances presented.

This case concerns a dispute between MAPE and defendant American Federation of State, County and Municipal Employees, Local 101 (AFSCME) over representation of firefighters at Metropolitan Airport employed by Wayne County. AFSCME represented the firefighters in their collective bargaining agreement with the county which expired on June 30, 1984. On July 5, 1984, the county and AFSCME apparently agreed to a new master agreement covering noneconomic issues for all county employees represented by AFSCME for the period of July 1, 1984, through June 30, 1986.

Negotiations on economic matters occurred between the county and AFSCME firefighters from August, 1984, until October 31, 1984. On that date, AFSCME petitioned MERC for compulsory arbitration pursuant to 1969 PA 312 (Act 312). Because no

* Circuit judge, sitting on the Court of Appeals by assignment.

mediation had occurred prior to the petition, as required by MCL 423.233; MSA 17.455(33), MERC assigned a mediator, and between November 14, 1984, and January 17, 1985, six mediation sessions were held, but no action was taken on AFSCME's arbitration petition.

On March 6, 1985, MAPE filed a representation petition with MERC, seeking to decertify AFSCME as bargaining agent for the firefighters. On March 11, 1985, MERC Director Shlomo Sperka issued an administrative denial of MAPE's representation petition on the basis of the pending Act 312 proceeding. When plaintiff protested, MERC placed the matter on the commission's agenda and, upon consideration, the commission refused to disturb the dismissal of MAPE's petition and ordered the commencement of the arbitration. When plaintiff sought an order of superintending control in this Court, the Court granted immediate consideration but denied the complaint and motion for stay. The Supreme Court then remanded to this Court for consideration as on leave granted.

MAPE argues that the MERC's administrative dismissal of the election petition must be vacated and an election ordered because the administrative dismissal was contrary to the plain dictates of the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* the act's underlying policy and MERC's own administrative rules. The relevant provision of PERA that concerns the responsibility and authority of MERC to pass upon petitions to elect and/or decertify a labor organization as a representative of a group of public employees is set forth as MCL 423.212; MSA 17.455(12) which provides in relevant part:

Sec. 12. When a petition is filed, in accordance with rules promulgated by the commission:

*(b) . . . The commission shall investigate the petition and, if it has reasonable cause to believe that a question of representation exists, shall provide an appropriate hearing after due notice. If the commission finds upon the record of the hearing that such a question of representation exists, it shall direct an election by secret ballot and shall certify the results thereof.* Nothing in this section shall be construed to prohibit the waiving of hearings by stipulation for the purpose of a consent election in conformity with the rules of the commission. [Emphasis added.]

MERC has also promulgated Administrative Rules, 1979 AC, R 423.441-423.444, concerning certification and decertification petitions. Rule 42 provides in part that "[t]he commission or its election agent shall investigate the petition." Rule 43 establishes the requisites for the employee showing of interest and for intervenors, and provides:

The determination with respect to the statutory 30% or an intervenor's 10% showing of interest is an administrative action and shall be made exclusively by the commission or its agent. . . . The commission or its agent shall determine whether the petition establishes good cause for holding a hearing. If the commission or its agent decides that a hearing should be held on the petition, the consent election agreement shall be suspended pending disposition of the case by the commission.

When the commission decides that a hearing should be held on the petition, Rule 44 requires referral to a hearing referee, "who shall hold a hearing on the matters in dispute after due notice." Rule 44 provides that:

(3) After the hearing closes, the commission shall determine the matters in dispute and direct

an election, dismiss the petition, or make other disposition of the matter as the commission deems appropriate.

The other statutory provisions involved in this case are several of the compulsory arbitration provisions for police and firefighters of 1969 PA 312, as amended. MCL 423.233; MSA 17.455(33) requires that mediation must take place prior to a request by the parties that MERC initiate binding arbitration proceedings:

Whenever in the course of mediation of a public police or fire department employee's dispute, except a dispute concerning the interpretation or application of an existing agreement (a "grievance" dispute), the dispute has not been resolved to the agreement of both parties within 30 days of the submission of the dispute to mediation, or within such further additional periods to which the parties may agree, the employees or employer may initiate binding arbitration proceedings by prompt request therefor, in writing, to the other, with copy to the employment relations commission.

MERC's director responded to MAPE's March 6, 1985, representation petition by letter dated March 11, 1985, "administratively dismissing" plaintiff's representation petition by relying upon AFSCME's October 31, 1984, petition for arbitration and upon commission policy:

That the Commission will entertain representation petitions during the established filing period of 150-90 days prior to the expiration date of a collective bargaining agreement even though Act 312 arbitration has been initiated or is pending but, if the collective bargaining agreement has expired and an Act 312 arbitration proceeding is pending, the filing of a representation petition will

be barred by the arbitration proceeding. For pur-
poses of this policy, an Act 312 petition shall be
considered as pending from the date said petition
is filed with the Commission.

Plaintiff then requested clarification of the pro-
cedure by which it might appeal from the MERC
director's administrative dismissal of its petition.
Plaintiff asserted that even if the commission
could properly refuse to entertain representation
petitions after the expiration of a collective bar-
gaining agreement on the basis of the pendency of
an Act 312 proceeding, AFSCME's October 31, 1984,
petition for arbitration was not properly filed after
the exhaustion of mediation. By letter dated April
22, 1985, MERC informed plaintiff that the commis-
sion had reviewed the plaintiff's representation
claim and AFSCME's arbitration petition, and

> found no basis to disturb the dismissal of the
> representation case. This conclusion was based on
> the Commission's review of the Act 312 petition in
> Case No. D84 I-2699. The Commission concluded
> that the unusual circumstances described [in] the
> petition warranted an exception to the general
> rule that mediation must precede the petition. The
> Commission also noted that no prejudice was suf-
> fered by any party because the representation
> petition was not filed for several months after the
> events in question. Accordingly, based on this
> review, the Commission found no prejudicial error
> in the procedure which was followed.

MAPE argues that MERC breached its statutory
duty to investigate the representation petition and
to make a determination of whether or not it had
reasonable cause to believe that a representation
question existed. However, it is clear that MERC
did investigate the petition and determined that a
representation question did not exist. MAPE's com-

plaint is not with the failure of MERC to investigate, but rather with the decision reached by MERC. To buttress its argument, MAPE attempts to collaterally attack the validity of the administrative procedure used to reach that decision.

However, MERC's substantive decision is consistent with the legislative policy in an Act 312 proceeding to maintain the status quo. The Act 312 provision that is set forth in MCL 423.243; MSA 17.455(43) provides:

> During the pendency of proceedings before the arbitration panel, existing wages, hours and other conditions of employment shall not be changed by action of either party without the consent of the other but a party may so consent without prejudice to his rights or position under this act.

This provision has been interpreted by this Court to mean that the status quo between the parties should be preserved during compulsory arbitration. *Metropolitan Council No 23, Local 1277, AFSCME v Center Line,* 78 Mich App 281; 259 NW2d 460 (1977), lv den 402 Mich 814 (1977).

We think that it is clear that MERC's administrative denial of MAPE's representation petition was predicated upon the desire to maintain the status quo while AFSCME's October, 1984, request for arbitration was pending. In March, 1985, in the midst of this mediation/arbitration process to reach the successor agreement, MAPE filed its petition to decertify the firefighters from AFSCME. Certainly, decertification would have been fatal to the preservation of the status quo.

MERC's additional policy reasons for administratively dismissing MAPE's representation petition may be explained by its director's reference to the 150 to 90-day period for filing representation peti-

tions prior to the expiration date of the collective bargaining agreement. The "contract bar" policy excludes representation petitions not filed in the period from 150 to 90 days before the expiration of a collective bargaining agreement. Following the lead of the National Labor Relations Board, MERC allowed the sixty-day "window period" for representation petitions followed by a ninety-day "insulated period" until the date of contract expiration to protect the existing parties to the contract from petitions by rival unions and distractions during the negotiation process. Accordingly, we find that MERC's interpretation and extension of this rule to bar election petitions after the expiration of a collective bargaining agreement, provided that an Act 312 arbitration proceeding is pending, was entirely logical and well-founded. Although we agree that there is a technical problem in that AFSCME's arbitration petition preceded the actual commencement of the mediation process, we nonetheless conclude that MERC's rationale for denying MAPE's "eleventh hour" representation petition was based on sound policy that is designed to insulate the ongoing collective bargaining process.

The sole appellate decision to come to grips with the power of MERC to administratively dismiss a decertification question is *Hepler v Dep't of Labor,* 64 Mich App 78; 235 NW2d 161 (1975), lv den 395 Mich 809 (1975). In *Hepler,* MERC dismissed a decertification petition where the "showing of interest" documents failed to assert that the certified bargaining unit representative was no longer a representative, as defined in § 11 of PERA. In addition to the question of the propriety of this substantive ruling, the case involved whether MERC clearly erred in affirming an administrative dismissal of plaintiff's petition for lack of a proper showing of interest. This Court affirmed MERC on

the substantive issue, then looked to the question of its judicial review powers over the agency, stating:

> [I]t is this Court's opinion that the dismissal of a decertification petition—as opposed to the grant thereof—raises serious implications concerning employee exercise of free choice, and therefore mandates some judicial review to guard against arbitrary and capricious dismissals, which constitute a deprivation of due process. [64 Mich App 86.]

However, this Court declined to find that there was reasonable cause to believe that a decertification question existed and, as to its appellate review power concluded, that

> [a]bsent a showing that MERC's discretionary decision is so perverse or palpably wrong as to effectively amount to a breach of its statutory duty, the Court will not set MERC's determination aside. [64 Mich App 87.]

As indicated above, MAPE attempts to establish that MERC's discretionary decision in this case was "so perverse or palpably wrong as to effectively amount to a breach of its statutory duty" by claiming that because the policy followed by MERC in this case was never promulgated as a formal rule, it is invalid. However, the right of employees to select a bargaining unit is not as unfettered as is claimed by MAPE. MERC's policy did not limit the right of the firefighters to select a bargaining representative or to decertify a representative contrary to the plain meaning of the PERA, nor did it improperly condition MERC's duty to investigate petitions and to determine whether a representation question existed. While there is some merit in

MAPE's argument that an administrative agency authorized to promulgate rules for enforcement of a statute must do so in accordance with the Administrative Procedures Act (APA), MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* and may not rely upon its own ad hoc policies not promulgated in accordance with the APA, this Court in *DAIIE v Comm'r of Ins,* 119 Mich App 113; 326 NW2d 444 (1982), lv den 417 Mich 1077 (1983), held that an administrative agency must be equipped to act either by general rule or by individual order as a matter of necessity, and that the agency need not promulgate rules covering every conceivable situation before the fact. Thus MAPE can make no credible claim of prejudice or due process violation based on the administrative denial of its election petition.

MAPE does assert that even if the commission's policy is a valid exercise of its power in this case, it declined to follow its own policy as recently set forth in *In re City of Three Rivers,* 1985 MERC Lab Op 108. However, a careful review of the facts of the *Three Rivers* case demonstrates that it is distinguishable from the instant case. In *Three Rivers,* rank and file members of the municipal police force informed the union that they no longer wished to be represented by the teamsters, but nonetheless, one mediation session between the teamsters and the city was held without notice to them. The following day, but still prior to the contract's expiration, the teamsters filed a petition for arbitration. When the existing contract expired, the Fraternal Order of Police filed a decertification petition. The commission concluded that the prerequisite mediation had not taken place prior to the Act 312 petition and dismissed the teamster's arbitration request.

The hearing referee affirmed the commission

and directed that elections be held. Plaintiff in the case at bar contends that, as in the *Three Rivers* case, since AFSCME's petition for arbitration was filed prior to mediation, it was not effective to preserve the status quo and to act as a bar to MAPE's decertification petition. However, in the instant case, as AFSCME points out, before MAPE ever filed its representation petition, six mediation sessions occurred between November 11, 1984, and January 17, 1985. AFSCME further represents that although actual mediation had not occurred prior to AFSCME's Act 312 petition, a mediator had been chosen, assigned to the case, and had appeared at negotiations. Thus, the lack of mediation had been cured well before MAPE's decertification petition was filed.

In fact, in the commission's denial of MAPE's petition, it took specific notice of the fact that "the representation petition was not filed for several months after the events in question." In this case not only could MAPE have filed its representation petition within the sixty-day "window period," it could also have filed its petition from the time of the contract's expiration on July 1, 1984, until AFSCME filed its Act 312 petition on December 31, 1984. Instead, MAPE waited until March 6, 1985, long after mediation had been undertaken. Rather than concluding that MERC's decision in this case is contrary to its decision in the *Three Rivers* case, the only conclusion we can reach is that MERC's decision to dismiss MAPE's petition at this late date clearly effectuated the policy of the Legislature to promote stability during ongoing negotiations between the bargaining agent and the employer. Certainly, the decision by MERC was within the spirit of the policy in question as well as the legislative intent of PERA.

Lastly, MAPE contends that in light of *Smith v*

*Lansing School Dist,* 149 Mich App 131, 135; 385 NW2d 624 (1985), the commission cannot lawfully administratively dismiss the petition in this case absent an evidentiary hearing or oral argument. In *Smith,* an unfair labor practice case, this Court ruled that "MERC is not empowered to summarily dispose of complaints without granting an evidentiary hearing or permitting oral argument." However, in so ruling, this Court referred to PERA § 16(a) and pointed out that it requires that MERC, when addressing charges of unfair labor practices, must conduct all proceedings as a "contested case," pursuant to provisions of the APA.

We find no analogous "contested case" requirement for representation petitions. We read the PERA § 12 provisions as allowing the commission greater discretion to determine whether a question of representation exists and whether to hold a hearing on that question. Moreover, Administrative Rules 43 and 44 are consistent with § 12 in vesting fairly broad discretion in the commission or its agent to determine whether good cause exists to hold a hearing on a representation question. Accordingly, we read *Smith* narrowly as limited in its applicability to unfair labor practices cases.

MAPE has failed to convince this Court that MERC's discretionary decision was "so perverse or palpably wrong as to effectively amount to a breach of its statutory duty." Viewing MERC's decision within the whole of the statutory framework and the legislative spirit of PERA, and balancing plaintiff's claims that MERC's decision infringes on the employees' exercise of free choice in the selection of a bargaining representative against the timeliness of plaintiff's exercise of that choice and the need to protect the status quo in the midst of the bargaining process, we decline to grant MAPE

the relief requested. MERC properly concluded that MAPE's petition was not sufficient to create "a question of representation" within the terms of § 12 of PERA.

Affirmed.