COSGROVE v LANSING BOARD OF EDUCATION

Docket No. 85937. Submitted October 22, 1986, at Lansing. Decided May 7, 1987.

Ronald L. Cosgrove, Catherine G. Smith, Jean S. Bolley and others had been exempted from union membership pursuant to a grandfather clause in the collective bargaining agreement between their employer, the Lansing School District, and a labor union, the Lansing Schools Education Association. The grandfather clause was deleted in a subsequent renegotiation of the collective bargaining agreement and Cosgrove and the other affected teachers were required to either join the union and pay dues or to remain nonmembers but pay agency shop fees equivalent to membership dues. The new collective bargaining agreement provided for termination from employment for refusal to pay membership dues or agency shop fees. Cosgrove and the other affected teachers filed an unfair labor practice charge with the Michigan Employment Relations Commission and brought an action in Ingham Circuit Court against the Lansing Board of Education, the Lansing Schools Education Association and others, seeking a circuit court order enjoining defendants from terminating plaintiffs' employment for nonpayment of membership dues or agency shop fees. The circuit court, Robert Holmes Bell, J., granted accelerated judgment in favor of defendants, ruling that it lacked subject-matter jurisdiction. Plaintiffs appealed.

The Court of Appeals held:

1. The circuit court has concurrent jurisdiction with the Michigan Employment Relations Commission in fair representation actions brought under the public employment relations act. The circuit court in this case thus erred in ruling that it had no subject-matter jurisdiction over plaintiffs' claim.

2. However, the Court of Appeals affirmed the grant of accelerated judgment, concluding that it was proper on the

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 15, 16, 356, 1904, 2014.

Union security arrangements in state public employment. 95 ALR3d 1102.

ground that the pending charge before the MERC essentially involved the same claim and the same parties as in this case.

Affirmed.

LABOR RELATIONS — PUBLIC EMPLOYEES — FAIR REPRESENTATION — JURISDICTION.

The circuit court has concurrent jurisdiction with the Michigan Employment Relations Commission of actions brought under the public employment relations act alleging breach by a union of its duty of fair representation.

*Brussow & Krause, P.C.* (by *Franklin Richard Brussow*), for plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *Timothy P. Greeley*), for defendants.

Before: J. B. SULLIVAN, P.J., and SHEPHERD and R. M. SHUSTER,* JJ.

PER CURIAM.

### FACTS

Plaintiffs appeal as of right from an order granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(4) on the ground that the circuit court lacked subject-matter jurisdiction in this case.

Plaintiffs comprise a group of fifteen teachers employed by the Lansing School District. When the defendant union was organizing in 1972, it included a grandfather clause in its collective bargaining agreement that exempted plaintiffs from paying dues or an equivalent service fee to the union. In 1984, the defendant union and employer did not include that clause in its renegotiated contract. The defendant union informed plaintiffs that they could either join the union and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pay union dues or opt out of the union and pay an equivalent amount in agency shop fees. The collective bargaining agreement provided that, if members of the bargaining unit refused to pay union dues or the shop fees, those members could be terminated from employment.

Plaintiffs took two courses of action. On March 14, 1984, plaintiffs filed an unfair labor practice charge with the Michigan Employment Relations Commission, alleging that the union had violated its duty of fair representation when it bargained away the grandfather clause. The history of proceedings related to that charge can be found in *Smith v Lansing School Dist,* 149 Mich App 131; 385 NW2d 624 (1985), lv gtd 425 Mich 871 (1986).

On September 21, 1984, plaintiffs filed this case in Ingham Circuit Court, seeking essentially the same relief as was being sought before the MERC. Plaintiffs sought injunctive relief from the circuit court to prevent defendants from terminating plaintiffs' employment pursuant to the provisions of the 1984 bargaining agreement which defendants had agreed on without plaintiffs' participation.

On December 12, 1984, defendants moved for accelerated judgment pursuant to GCR 1963, 116.1(2), (3), (4) and (5), now MCR 2.116(C)(4), (5), (6) and (7), and for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10). On June 12, 1985, the trial court granted defendants' motion pursuant to MCR 2.116(C)(4), on the ground that the court lacked subject-matter jurisdiction because plaintiffs' claim was within the exclusive jurisdiction of the MERC.

### ISSUE

Did the trial court err in dismissing plaintiffs'

complaint on the ground that it lacked subject-matter jurisdiction?

## ANALYSIS

Initially, we note that technically the trial court should have decided defendants' motion under the provisions of the former court rules because defendants' motion was filed before March 1, 1985, the effective date of the new court rules. MCR 1.102.

The circuit court has concurrent jurisdiction with the MERC in fair representation actions brought under the public employment relations act. *Demings v City of Ecorse,* 423 Mich 49, 53; 377 NW2d 275 (1985). Therefore, the trial court in the instant case did have subject-matter jurisdiction of plaintiffs' claim against defendants.

Nonetheless, plaintiffs' complaint should have been dismissed pursuant to GCR 1963, 116.1(4), now MCR 2.116(C)(6), because plaintiffs had previously filed a charge with the MERC which was still pending. Because the charge before the MERC involved the same claim and the same parties, plaintiffs' complaint in the circuit court was properly dismissed. See *J D Candler Roofing Co, Inc v Dickson,* 149 Mich App 593, 598-600; 386 NW2d 605 (1986).

Although the trial court granted accelerated judgment pursuant to the wrong subsection of the court rule, that error is not ground for reversal because the right result was reached. *Smith v Motorland Ins Co,* 135 Mich App 33, 39; 352 NW2d 335 (1984), lv den 422 Mich 854 (1985).

## CONCLUSION

The order of the trial court is affirmed.