SAULT STE MARIE AREA PUBLIC SCHOOLS v MICHIGAN
EDUCATION ASSOCIATION

Docket No. 170381. Submitted April 4, 1995, at Grand Rapids. Decided September 1, 1995, at 9:15 A.M.

The Sault Ste. Marie Area Public Schools filed a petition for unit clarification with the Michigan Employment Relations Commission, seeking to exclude per diem substitute teachers from its bargaining unit of teaching personnel represented by the Michigan Education Association. The petition was filed after the commission rejected the workday formula that it had applied for approximately eight years, under which the substitute teachers had been included in the bargaining unit. The commission issued an order to the association to show cause why the petition should not be granted in light of the commission's return to the per diem formula. that it had used before it applied the workday formula. The association responded and requested a hearing. The commission did not hold a hearing, finding that, pursuant to commission precedent, there was no issue that required a hearing. The commission issued an order determining that the substitute teachers could not be included in the same collective bargaining unit as the full-time teachers. The petitioner appealed.

The Court of Appeals *held:*

1. The petitioner in representation proceedings has the burden of producing evidence to establish the appropriateness of the bargaining unit sought. That burden may be met by other than direct evidence, such as where the unit sought is presumptively appropriate either via statute or the commission's prior decisions. Here, the petitioner satisfied its burden of going forward with regard to the issue concerning the appropriateness of the continued inclusion of the substitutes in the bargaining unit by citing appropriate decisions of the commission. Therefore, the show cause order that the commission issued to

REFERENCES

Am Jur 2d, Administrative Law §§ 127, 294.
See ALR Index under Collective Bargaining; Hearings; Public Officers and Employees.

the association gave the association notice that the petitioner had met its burden and did not shift to the association the burden of going forward with the evidence.

2. The commission is not required to conduct an evidentiary hearing in every case regarding a representation question. Here, the commission did not abuse its discretion in failing to hold a hearing. The commission had already made a determination in its prior cases concerning the policy it applied in this case.

3. No factual issue concerning the appropriateness of the bargaining unit arose as a result of the association's response to the show cause order. In the absence of a factual dispute, the commission did not abuse its discretion in declining to hold an evidentiary hearing.

Affirmed.

1. LABOR RELATIONS — MICHIGAN EMPLOYMENT RELATIONS COMMISSION — COLLECTIVE BARGAINING UNITS — APPROPRIATENESS — BURDEN OF PROOF.

Collective bargaining representation proceedings in the Michigan Employment Relations Commission are investigatory and not contested or adversary proceedings; a party petitioning the commission for a determination regarding the appropriateness of the bargaining unit it is seeking has the burden of producing evidence to establish the appropriateness of the unit; the petitioner's obligation may be met by other than direct evidence, such as where the unit sought is presumptively appropriate either by way of statute or the commission's prior decisions.

2. LABOR RELATIONS — MICHIGAN EMPLOYMENT RELATIONS COMMISSION — ADMINISTRATIVE LAW — COLLECTIVE BARGAINING UNITS.

The determination whether to hold a hearing regarding a representation question is within the discretion of the Michigan Employment Relations Commission; the commission is not required to conduct an evidentiary hearing in every case (MCL 423.212; MSA 17.455[12]).

*Thrun, Maatsch & Nordberg, P.C.* (by *G. Michael White* and *Roy H. Henley*), for the petitioner.

*White, Beekman, Przybylowicz, Schneider & Baird, P.C.* (by *Kathryn A. VanDagens*), for the respondent.

Before: Hood, P.J., and MacKenzie and T. R. Thomas,* JJ.

Per Curiam. The Michigan Education Association (mea) appeals as of right from a decision and order of the Michigan Employment Relations Commission (merc) determining that substitute teachers employed by the Sault Ste. Marie Public Schools could not be included in the same collective bargaining unit as regular, full-time teachers. We affirm.

From the 1960s through the middle of the 1980s, the merc adopted a so-called "per diem policy" concerning the inclusion of substitute teachers in a bargaining unit consisting of regular, full-time teachers. Under that policy, per diem substitute teachers were deemed to be casual or temporary employees with no expectancy of permanent or regularly scheduled ongoing employment, and were therefore not to be included in a bargaining unit of regularly employed teachers. *Waterford School Dist v Waterford Ed Ass'n, MEA, NEA,* 1977 MERC Lab Op 697; *Lansing Public Schools v Lansing Schools Ed Ass'n, MEA/NEA,* 1993 MERC Lab Op 18, 20-22.

In 1985, the merc abandoned the per diem policy and adopted the National Labor Relations Board's policy of basing the determination whether substitute teachers were appropriately included in a bargaining unit of regularly employed teachers on whether the substitutes worked a certain number of days withir a specific period (the workday formula). *Lansing Public Schools, supra* at 22; *Taylor Bd of Ed v Taylor Federation of Teachers, MFT, AFT, AFL-CIO,* 1986 MERC Lab Op 779, aff'd 167 Mich App 474; 423 NW2d 44 (1988).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On April 3, 1991, following an election and pursuant to the workday formula, the MERC issued an order certifying the MEA as the bargaining representative of those substitute teachers who had been employed by the Sault Ste. Marie schools "for at least 20 days during the previous school year (1989-1990) or who were employed for at least 20 days during the first semester of the current school year" and directing their accretion into the existing bargaining unit of regular, full-time Sault Ste. Marie teachers. An agreement governing the terms and conditions of the substitute teachers' employment was subsequently added to the parties' 1990-1993 collective bargaining agreement.

In 1993, the MERC rejected the workday formula —the basis for the accretion of the substitute teachers in this case—and readopted the per diem policy concerning whether substitute teachers were appropriate for inclusion in a bargaining unit of full-time teachers. *Lansing Public Schools, supra* at 22; *Mount Morris Consolidated Schools v Mount Morris Ed Ass'n, MEA/NEA,* 1993 MERC Lab Op 24, 28.

In light of the MERC's decision to abandon the workday formula and in anticipation of the 1993 expiration of the parties' collective bargaining agreement, the Sault Ste. Marie Public Schools filed a petition in May 1993 for unit clarification pursuant to § 12 of the public employment relations act (PERA), MCL 423.212; MSA 17.455(12). The petition requested that the MERC rescind its April 3, 1991, order directing, on the basis of the workday formula, the accretion of the substitute teachers into the existing collective bargaining unit of regular, full-time teachers.

The MERC issued an order to the MEA to show cause why the petition for unit clarification should not be granted in light of the MERC's return to the

per diem policy under *Lansing Public Schools, supra,* and *Mount Morris Schools, supra.* The MEA filed a response requesting a hearing regarding the issue whether the employment relationship between the district and the substitute teachers was temporary and casual in nature.

The MERC did not hold a hearing. On November 10, 1993, it issued a decision and order that stated:

> This Commission has discretion to determine whether good cause exists to hold a hearing on a representation question. *MAPE v MERC,* 153 Mich App 536, 549 [396 NW2d 473] (1986), lv den 428 Mich 856 (1987). We have declined to hold a hearing where a party seeks to litigate an issue where the law is clearly settled. *Harrington House, Inc* [*v American Federation of State, County and Municipal Employees*], 1993 MERC Lab Op [211]; *Independent Opportunities, Inc* [*v American Federation of State, County, and Municipal Employees,*] 1993 MERC Lab Op [222]; *Presque Isle County* [*v Police Officers Ass'n of Michigan,* 1993 MERC Lab Op [669]. We find this to be such a case. In *Lansing, supra,* and *Waterford, supra,* we concluded that the employment relationship of daily per diem substitutes was casual and temporary in nature based on several factors: their assignments were of irregular duration; they made no commitment to teach from one day to the next; they were free to decline employment and/or work for several school districts. In its response to the Order to Show Cause, the MEA has failed to demonstrate that these criteria do not apply to the substitutes in the Sault Ste. Marie Schools. Under these circumstances, we find that no issue has been raised which would require a hearing. We therefore find it appropriate to clarify the bargaining unit to exclude daily per diem substitute teachers.

On appeal, the MEA contends that the MERC's November 10, 1993, decision and order arbitrarily

and capriciously shifted the burden of the production of evidence to the MEA, in violation of MERC precedent. The claim is without merit.

As noted by the MEA, in *Univ of Michigan v Univ of Michigan Teaching Fellows Union,* 1970 MERC Lab Op 754, 759-760, the MERC stated that, although representation proceedings are investigatory and not contested or adversary proceedings, the petitioner has the burden of producing evidence to establish the appropriateness of the bargaining unit sought. However, in *Univ of Michigan,* the MERC also elaborated on how this "burden" may be satisfied, stating that the obligation to support the petition in representation cases may, in some instances, be met by other than direct evidence, such as where the unit sought is presumptively appropriate either by way of statute or the MERC's prior decisions. *Id.* at 762.

In *Lansing Schools, supra,* and *Mount Morris, supra,* the MERC determined that the nature of the employment relationship between a school district and substitute teachers employed for twenty days during the previous school year or the first semester of the then-current school year is casual and temporary in nature, so that per diem substitutes are not properly included in a bargaining unit of regular, full-time teachers. See, also, *Jackson Public Schools v Jackson Ed Ass'n, MEA/NEA,* 1993 MERC Lab Op 825. Under the analysis set forth in *Univ of Michigan, supra,* the school district in this case, by supporting its position with citation to those decisions and the MERC policy they adopted, satisfied its burden of going forward with regard to the issue of the appropriateness of the continued inclusion of the substitutes in the bargaining unit. The MERC's show cause order gave the MEA notice that the school district had met its burden; it did not shift the burden of going forward to the union.

The MEA also contends that the MERC violated the duties imposed on it by statute and administrative rule when it failed to hold an evidentiary hearing. Again, we disagree. The proceedings in this case consistently have been treated as controlled by § 12 of the PERA. As noted by the MERC, § 12 gives the MERC the discretion to determine whether to hold a hearing regarding a representation question, as do the administrative rules. *Michigan Ass'n of Public Employees, supra,* p 549. There is no requirement that an evidentiary hearing must be conducted in every case. *Id.*

In this case, we find no abuse of discretion in the MERC's decision not to hold an evidentiary hearing. *Hepler v Dep't of Labor,* 64 Mich App 78; 235 NW2d 161 (1975). The MERC had already made a determination concerning the per diem policy and the appropriateness of including substitute teachers employed at least twenty days in the semester or prior school year in *Lansing Public Schools* and *Mount Morris Schools.* By issuing the show cause order, it gave the MEA the opportunity to challenge the application of the per diem policy to the substitute teachers employed by the Sault Ste. Marie Public Schools. No factual issue arose concerning the appropriateness of the bargaining unit in the MEA's response to the show cause order. In the absence of a factual dispute, the MERC did not abuse its discretion in declining to hold an evidentiary hearing. *Michigan Ass'n of Public Employees, supra; Univ of Michigan, supra.*

The remaining issues raised by the MEA were not raised before the MERC. We therefore decline to address them.

Affirmed.